UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT PAYNE,
    Plaintiff,

vs

NICHOLAS J. GIFFORD, *et al.*,
    Defendants.

Case No. 1:16-cv-514

Barrett, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983 against defendants the Nicholas J. Gifford, Linnea Mahlman, Mike Dillow, and Nurse Tipton. (*See* Doc. 1-1, Complaint at PageID 10, 13). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, alleges that on March 11, 2016, at approximately seven thirty in the morning, he requested to see mental health. (Doc. 1, Complaint at PageID 6). He claims that defendant Officer Gifford, approached his cell and told him to cuff up. (*Id.*). Plaintiff indicates that he complied with Gifford's order, however instead of taking him to mental health, Gifford informed him that he was performing a routine cell search and directed plaintiff to go into the shower area. (*Id.*). According to plaintiff, he paused in front of the camera and told Gifford that he would not go into the shower until he knew that Gifford would contact mental health. (*Id.*). Plaintiff alleges that, despite the fact that he was handcuffed and could not pose a serious threat, Gifford attempted to incorporate "tactical training maneuvers" on him, threw him in the shower causing him to fall, and maced him in the eyes and ear. (*Id.*).

Plaintiff claims that he was noticeably injured after the incident, but that he was not taken to the infirmary for over an hour. (*Id.*). He further alleges that defendants Gifford, Dillow, and Nurse Tipton, all failed to decontaminate him after he was maced, leaving him to suffer the effects of the pepper spray for a prolonged period of time. (*Id.*). Plaintiff alleges that he filed an

3

informal complaint and grievance pertaining to the situation, but that defendant Mahlman failed to take corrective action. (*Id.* at PageID 7).

Based on the above allegations, plaintiff brings claims of excessive force claim against defendant Gifford and deliberate indifference to serious medical needs against all defendants. (*Id.*). Plaintiff seeks injunctive and monetary relief. (*Id.* at PageID 8).

Liberally construed, plaintiff has stated an Eighth Amendment claim for excessive force against defendant Gifford and for deliberate indifference to serious medical needs against defendants Mahlman, Dillow, and Tipton. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's claim against defendant Mahlman should be dismissed. As noted above, plaintiff bases his claim against Mahlman on the allegation that she failed to corrective action after he filed an informal complaint and grievance. (*Id.* at PageID 7). The Court can discern no constitutional violation on the part of defendant Mahlman. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not alleged any facts even remotely suggesting that Mahlman directly participated in any alleged unconstitutional conduct. To the extent plaintiff complains defendant Mahlman failed to properly respond to his complaints, plaintiff's complaint fails to state a claim for relief for a denial of due process because plaintiff has no constitutional right to an effective grievance procedure. *See Walker v. Michigan Dept. of Corrections,* 128 F. App'x 441, 445 (6th Cir. 2005). Accordingly, the complaint against defendant Mahlman should

4

be dismissed.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment excessive force claim against defendant Gifford and deliberate indifference claim against defendants Gifford, Dillow, and Tipton.  Having found that plaintiff has failed to state a claim upon which relief may be granted with respect to defendant Mahlman, plaintiff's claims against this defendant should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendant Mahlman be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Gifford, Dillow, and Tipton, as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit.

                                       *s/ Stephanie K. Bowman*
                                       Stephanie K. Bowman
                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT PAYNE,
    Plaintiff,

vs

NICHOLAS J. GIFFORD, *et al.*,
    Defendants.

Case No. 1:16-cv-514

Barrett, J.
Bowman, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).