UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT PAYNE,

    Plaintiff,

v.

C/O NICHOLAS J. GIFFORD, et al.,

    Defendants.

Case No. 1:16-cv-514

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

**I.    Background**

On June 30, 2016, the undersigned entered an Order and a Report and Recommendation ("R&R") that recommended the dismissal of claims against one Defendant, while permitting Plaintiff's Eighth Amendment claims to proceed against Defendants Gifford, Dillow, and Tipton. (Doc. 6). Since then, Plaintiff has filed a number of motions. Plaintiff recently filed three more discovery-related motions, as well as a motion seeking to amend/correct his complaint. (Docs. 30, 33, 34, 36). For the following reasons, one of Plaintiff's motions to compel discovery will be granted in part, but his remaining three motions will be denied.

**II.    Analysis**

A prior motion by Plaintiff to compel the Defendants to respond to his written discovery requests was denied in a written Order filed on November 21, 2016. (Docs. 24, 29). However, in explaining that the denial was "without prejudice to renew," the Order clarified that some of the Defendants' objections to production appeared to be without merit.

> [T]the undersigned strongly cautions Defendants that portions of their memoranda in opposition to Plaintiff's motions are not well-taken. For example, Defendants object that Plaintiff's discovery requests are premature because they were served prior to a Case Management Conference under Rule 26(f), Fed. R. Civ. P. However, Rule 26(f) by its terms does not apply to "a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)," which includes pro se actions brought by persons in custody. Similarly, Local Rule 16.2 state that pro se actions brought by persons in custody are excluded from the general requirements of Rule 16(b), Fed. R. Civ. P. Plaintiff's requests are not premature. This Court entered a calendar order on August 10, 2016 that commenced a period of discovery, with a deadline of May 31, 2017.
>
> In addition, Defendants suggest that they have not responded to discovery directed to Nurse Tipton, because she no longer works for ODRC, and counsel similarly represents that Defendant Gifford is out on medical leave with no known date of expected return. However, those facts do not excuse defense counsel from responding to written discovery requests directed to his clients. Defense counsel entered his appearance and filed an Answer on behalf of all three Defendants on August 9, 2016. The Court presumes counsel retains the ability to contact his clients at their last known addresses for purposes of timely responding to outstanding discovery requests, or to seek an extension of time if needed to do so. Currently, the responses to Plaintiff's written discovery requests appear to be overdue. The undersigned declines to compel Defendants to respond, based on the Court's presumption that counsel will continue to work to fulfill his obligation (and that of his clients) to respond to outstanding requests as soon as practicable, and to communicate with Plaintiff his progress in that regard.
>
> Last, to the extent that Defendants protest that they cannot be expected to provide documents without a formal request for the production of documents, that type of response is precisely why Rule 37.1 exists. The Local Rule requires parties to exhaust all extrajudicial means for resolving discovery disputes prior to filing any discovery related motion. The Court understands that defense counsel has made at least two attempts to date to clarify Plaintiff's original interrogatories. While Plaintiff may not have fully understood his discovery obligations, counsel remains obligated to reasonably construe all pro se requests, including but not limited to requests for the production of documents, considering Plaintiff's motion to compel puts the Defendants on notice that he is in fact seeking the production of documents.

(Doc. 29 at 2-3).

2

On December 30, 2016, Plaintiff filed a second motion to compel discovery from the Defendants, asserting that the Defendants have continued to fail to respond to his requests for production despite multiple requests. Attached to Plaintiff's motion are two pieces of correspondence from defense counsel, dated October 4, 2016 and November 22, 2016. The October letter indicates that defense counsel is working on interrogatory responses which may "take a week or two." (Doc. 30 at 5). As to the requests for production of documents, defense counsel states that his paralegal is "out until next week," but will work on the production upon her return. (*Id.*) The November 22, 2016 letter similarly reassures Plaintiff that the paralegal, who is "out [again] this week" is continuing to gather responses to Plaintiff's discovery requests. Defense counsel explains that support staff have "inquired" to obtain records from the institution, suggesting that they are continuing to "work[] on your request." (*Id.* at 6).

In a formal response to Plaintiff's second motion to compel, counsel represents that two Defendants (Gifford and Dillow) have provided interrogatory responses, but admits that Nurse Tipton still has not completed her responses.[1] Counsel notes that he has repeatedly requested "Plaintiff's patience while the requests are being processed." (Doc. 32 at 2-3). With respect to the overdue document production, defense counsel states that he "is in receipt" of "approximately three inches of [responsive] documentation" which must be "culled" and/or appropriately redacted in accordance with any assertions of privilege or objections. The documents must also be BATES

---

[1]In contrast to Defendants' prior representation that Tipton no longer works for ODRC, counsel now attributes the delay in Tipton's responses to her being out on medical leave. However, he states that whether Tipton has returned to work (as Plaintiff asserts) is "being investigated as this response is being written." (Doc. 32 at 3).

3

stamped. (Doc. 32 at 3). Noting Plaintiff's complaint that he was moved to another institution before he could review responsive DVR footage,[2] counsel promises that arrangements "will be made to allow Plaintiff to review the footage under the rules of [his current] institution." (*Id.*)

With all due respect to defense counsel, Defendants' response is insufficient. The Federal Rules of Civil Procedure generally impose 30-day time limits for parties to respond to discovery requests. While those time periods frequently are extended by agreement, in this case Defendants offer no explanation sufficient to explain the length of delay about which Plaintiff complains. Defendants were expressly warned by this Court more than *three and a half months ago* that responses to Plaintiff's discovery requests then appeared to be overdue. In light of the prior dispute and acceptance of prior representations that the overdue discovery would be produced, the Court cannot continue to ignore the failure to provide Plaintiff with discovery.

The Court is not without sympathy for the predicament of counsel who appears to be short-staffed,[3] and understands the type of institutional delays that can result from obtaining discovery from prison officials. On the other hand, there comes a point in time when such difficulties simply cannot excuse further delays. Therefore, the undersigned will grant Plaintiff's motion in part, and compel the overdue responses and production of documents to the extent that they have not already been produced.

---

[2]In a January 30, 2017 motion to amend his complaint, Plaintiff states that he was sent a "bad disc" by defense counsel. However, in the same motion, Plaintiff praises defense counsel for his attempts to more appropriately respond, including by providing a replacement disc, "as well as certain documents, that are related to medical, mental health, and use of force, just this week." (Doc. 33 at 2).

[3]In addition to the refrain in counsel's correspondence about his paralegal being out on leave, the undersigned takes judicial notice of the fact that Assistant OAG Thomas Clarke Miller, in the same Corrections Litigation Unit recently went out on extended leave, creating an increase in workload for remaining counsel.

The Court will deny Plaintiff's request for a monetary sanction of $800 as a sanction under Rule 37 for Defendants' failure to respond to his discovery requests. Plaintiff is a *pro se* prisoner-litigant and not an attorney; therefore, there were no attorney's fees or any significant costs incurred by Plaintiff in filing his motion. Moreover, while Defendants' response is not adequate to preclude a grant of Plaintiff's motion to compel, counsel does provide sufficient justification to avoid the imposition of a formal sanction. Plaintiff's own statements in one of his later filed motions, (Doc. 33), underscore the same point. There, Plaintiff references counsel's attempts to provide the requested discovery by providing a replacement disc for a DVR disc that was damaged or unreadable, and by providing numerous written documents responsive to Plaintiff's requests. (*Id.* at 2). Based on Plaintiff's statements in this motion, it is not clear whether there is any discovery left to compel Defendants to produce, other than Defendant Tipton's responses to Plaintiff's interrogatories.

On March 1, 2017, Plaintiff filed what was docketed as a third motion to compel. (Doc. 33). Examination of this motion reveals it to be more in the nature of correspondence expressing Plaintiff's intention to file another motion to compel discovery. On March 6, Plaintiff filed a "motion for default judgment" in which he seeks entry of default against Defendant Tipton based upon her failure to serve her long-overdue responses to Plaintiff's interrogatories. (Doc. 36). The undersigned will deny both of these discovery-related motions without awaiting Defendants' response, because they are both rendered moot with the relief provided in this Order.

The last matter requiring the Court's review is a document that was docketed as a "motion to amend/correct complaint." (Doc. 33). Defendants failed to file any

5

response, and their time for doing so has now expired.

Review of this document reveals that it is not in fact a motion to amend Plaintiff's complaint, but instead a letter from Plaintiff that provides additional information about the same overdue discovery responses that form the basis for Plaintiff's other three motions. In fact, most of the 2-page letter advises the Court of discovery recently received from defense counsel and expresses Plaintiff's willingness to wait "for another week or so…[for defense counsel] to produce defendant Nurse Tipton's answers to my interrogatories." (Doc. 33 at 2).

In a loosely related query in the same letter, Plaintiff asks whether this Court views "any and all digital data for a case that contains evidence before it is sent to the [Plaintiff]…for viewing?" (*Id.*)[4] The short answer is no. This Court relies upon the parties to file evidence of record and does not review evidence unless it is properly filed as an exhibit to a motion or admitted into evidence at trial. Prior to trial, evidence may be reviewed by the Court if it is attached as a properly authenticated exhibit to a motion, including but not limited to a motion for summary judgment filed under Rule 56.

In a small portion of the letter, Plaintiff expresses a future desire "to amend my original complaint, and add several more defendants because the staff at SOCF where I was previously at are obviously trying to cover it up." (Doc. 33 at 1). Plaintiff asks: "Is there a process in which I can do that?" (*Id.* at 2). A motion to amend a complaint may be filed under Rule 15, but the proposed amended complaint must be attached to any such motion. *See infra* at note 4. Plaintiff has not attached the proposed amended

---

[4]The Court is not permitted to give legal advice. However, to the extent the Court can respond without providing such advice, it will attempt to do so.

6

complaint.

Any proposed amendment to Plaintiff's complaint would be subject to the same initial screening standards under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1) that led to the dismissal of a portion of Plaintiff's original claims. (Doc. 6). Plaintiff does not identify the names of the proposed defendants or any basis for a claim based upon his conclusory assertion that the unidentified Defendants are trying to "cover…up" the incident(s) of force about which he complains. In addition, while leave to amend is liberally granted, amendment may be denied for procedural reasons including undue delay.

Based upon the lack of information provided concerning the proposed future amendment, the failure to state any claim against any new defendant, and the fact that the document appears to be a letter improperly documented as a motion which concerns discovery issues fully addressed by this Order, the "motion to amend" will be denied.

### III. Conclusion and Order

1. Plaintiff's second motion to compel (Doc. 30) is **GRANTED IN PART**, with all overdue discovery (including any remaining document production and Defendant Tipton's responses to interrogatories) to be produced to Plaintiff by Defendants on or before **March 27, 2017**;

2. Plaintiff's request for sanctions contained in his second motion to compel (Doc. 30), as well as Plaintiff's third motion to compel and his related motion for default judgment as a discovery sanction (Docs. 34, 36) are **DENIED**;

3. Plaintiff's motion to amend/correct his complaint (Doc. 33), which appears to

be a letter rather than a motion, is **DENIED**.  Even if construed as a motion, it appears primarily to relate to discovery requests, and fails to attach a copy of any proposed amended complaint or otherwise identify any new constitutional claims or defendants.

<u>s/ Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge