**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT PAYNE,

    Plaintiff,

v.

C/O NICHOLAS J. GIFFORD, et al.,

    Defendants.

Case No. 1:16-cv-514

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

**I.    Background**

On June 30, 2016, the undersigned entered an Order and a Report and Recommendation ("R&R") that recommended the dismissal of claims against one Defendant, while permitting Plaintiff's Eighth Amendment claims to proceed against Defendants Gifford, Dillow, and Tipton. (Doc. 6). Since then, Plaintiff has engaged in a vigorous motion practice, filing fourteen pretrial motions to date, four of which are currently pending. (*See* Docs. 38, 50, 51, 52). In addition to the Plaintiff's four motions, four motions filed by Defendants are also ripe, including a motion to set aside this Court's last order compelling Defendant to produce certain discovery (Doc. 37), a motion to strike Plaintiff's motion to appoint counsel (Doc. 41), a motion to dismiss for failure to comply with the PLRA (Doc. 44), and a motion for summary judgment (Doc. 49).

Although the time for Defendants to respond to Plaintiff's three most recently filed motions has not yet expired, the interests of judicial economy favor ruling on those motions without awaiting the Defendants' response.

**II. Analysis of Pending Non-Dispositive Motions**

### A. Plaintiff's Motion to Appoint Counsel/Defendants' Motion to Strike (Docs. 38, 41)

Plaintiff attached a motion to appoint counsel to his pro se complaint, and subsequently filed two more motions to appoint counsel on June 30, 2016 and on August 11, 2016. (*See* Docs. 1-4, 8, 14). This Court has repeatedly denied Plaintiff's duplicative motions, as pro se civil litigants have no constitutional right to counsel, and counsel is to be appointed only in exceptional circumstances not present here. (See Docs. 11, 20). On April 3, 2017, Plaintiff sent a "letter" to this Court which was docketed by the Clerk as yet another motion seeking the appointment of counsel.

Defendants have separately moved to strike Plaintiff's "letter" as procedurally improper, noting that it is not formatted as a motion, and to the extent construed as a motion seeking counsel, is duplicative.

The undersigned agrees that the request for counsel is wholly duplicative, with no additional facts presented to support the extraordinary (and exceptionally rare) appointment of counsel. The Court declines to strike the document from the record, despite its procedural irregularity. As no additional relief is sought in the "letter," it is sufficient to deny the duplicative motion.

### B. Plaintiff's Latest Motions to Compel/ Defendants' Motion to Set Aside March 10, 2017 Order Compelling Discovery (Docs. 39, 51)

Plaintiff previously has filed multiple discovery-related motions, most of which have been denied. However, on March 10, 2017, the undersigned granted one of Plaintiff's motions to compel discovery in part, directing Defendants to produce certain overdue discovery to Plaintiff by March 27, 2017. On April 3, 2017, the Defendants filed

a status report in response to the Court's Order, stating that they had acted in good faith and recently had completed all discovery. Although captioned as a "status report," the Defendants include a request that this Court rescind its prior Order compelling discovery, citing the fact that Defendants completed production one day before the Order was filed. Thus, as of March 9, 2017, Defendants report they had produced interrogatory responses from three Defendants, a copy of Plaintiff's medical records, use of force reports, use of force policies, post-incident photos, and Plaintiff's Rule Infractions records, and have produced DVD footage of the incident.

The undersigned finds no cause to rescind the Court's prior Order, which was supported by the record at the time the Order was entered as well as applicable law. The fact that Defendants' discovery responses were "virtually crossing in the night" with the Court's Order does not change the legal analysis.[1] The Court's March 10 Order explained why it was only compelling Defendants to complete their overdue production, acknowledging that Defendants' explanations for their delay were sufficient to avoid the imposition of the sanctions Plaintiff had requested. The Court also denied several motions by Plaintiff relating to the delay in production, including a motion seeking entry of default or default judgment.

On July 3, 2017, Plaintiff filed two more motions to compel discovery. In the first of these motions (Doc. 51), he seeks a copy of a disc reflecting DVR footage of the incident "for himself," ostensibly to respond to Defendant's pending motion for summary

---

[1] Defendants represent that they completed their production of the overdue discovery on March 9, 2017, the day before the Court's Order was filed. However, the motion to compel that was addressed by the Court's Order was filed in December 2016, and Defendants' January 12, 2017 response in opposition offered insufficient justification for many months that the discovery was then overdue. In fact, as noted in the March 10, 2017 Order, Defendants had been expressly warned more than three and a half months earlier that their responses were even then overdue.

judgment. Plaintiff seeks a copy "with no skipping/skippage from unit K-2 and the escort to J-2 housing unit" that is time and date stamped to ensure "that none of the evidence is skipped, deleted, tampered with so that this honorable Court can see the evidence to make a proper and just ruling." (Doc. 51).

Defendants have already confirmed that they have provided Plaintiff with access to the DVR footage, and – as referenced in this Court's March 10 Order – Plaintiff has admitted that he has reviewed that footage.[2] Plaintiff has been advised that he cannot retain his own copy of the disc in his cell for "security reasons." (Doc. 51 at 2). This Court finds no basis to override institutional security concerns given that Plaintiff has already been provided with access to view the DVR footage.

As for providing a copy without "skippage," this Court finds no basis for directing further production. The Defendants have filed what they represent to this Court to be a true and accurate copy of the DVR footage with their motion for summary judgment, and have previously represented to this Court that the same footage was reviewed by Plaintiff. (*See, e.g.*, Doc. 40 at 6).

In a second, related motion captioned as a "motion for leave to file for extension of time for second production of documents," Plaintiff advises this Court that he has "just discovered that there was another disc" that was not produced to him in discovery, which includes closer range footage of the same incident. Plaintiff seeks to compel the allegedly missing footage to prove that "C/O Gifford did indeed pepperspray Plaintiff for

---

[2] Plaintiff initially complained of a "bad disc." Defendants have repeatedly explained to this Court and to Plaintiff the technical difficulties that occurred due to different (and apparently partially incompatible) DVR-type systems at the different institutions. However, Defendants represent (and again, Plaintiff previously confirmed) that those technical issues were eventually resolved.

no reason…." (Doc. 52 at 2). Plaintiff also seeks an "extension of time" in which to seek a "second production of documents" from the Defendants.

Plaintiff is not entitled to reopen discovery as he has already been provided extensive discovery in this case, and the discovery deadline expired on March 31, 2017. Plaintiff made a similar allegation regarding the possible existence of additional DVR footage in his "letter" (Doc. 38), which the Defendants partially addressed in their motion to strike (Doc. 41).

> In said letter, it appears that Plaintiff questions DVR footage and provides his analysis of what he believes to be other camera views. Footage provided to Plaintiff is the same footage provided to undersigned. The institution archives footage whenever an incident occurs – if such footage exists it will be provided, if none, then Defendants cannot provide matters that do not exist.

(Doc. 40 at 6).

Because the Plaintiff timely requested all video coverage prior to the March 31 close of discovery in this case, and the Defendants have not foreclosed the *possibility* that other video may exist, Defendants will be directed to file an additional status report that clarifies to Plaintiff and this Court whether: (1) all DVR footage from the incident was preserved; (2) if some portion of the relevant DVR footage was not preserved, the basis for that failure of preservation. The status report and/or an affidavit (if necessary) should alleviate any remaining concerns about the existence of any additional video of the incident in question. Of course, to the extent any additional video (or improved quality of video) exists other than that previously filed with this Court as an exhibit to Defendants' motion for summary judgment, the Defendants should immediately produce the additional (hypothetical) footage both to this Court and to Plaintiff.

5

### C.  Plaintiff's Motion to Amend/Correct his complaint (Doc. 50)

On July 3, 2017, Plaintiff filed a motion to amend/correct his complaint "for no other reason than to add a more detailed account of the events that led up to this claim." (Doc. 50).

Plaintiff's motion will be denied as untimely filed, without just cause for undue delay, and because it would be overly prejudicial to the Defendants.  (*See* Doc. 37, Order advising Plaintiff that any future motion to amend may be denied for undue delay).  Not only did discovery close on March 31, but the dispositive motion deadline expired on May 31, 2017.  Within the deadline stated by this Court, the Defendants filed two separate dispositive motions – the first, a motion to dismiss to which Plaintiff filed a response, and the second, a motion for summary judgment to which Plaintiff has failed to file any timely response.  (*See* Docs. 44, 45, 49).  A copy of the DVR/video previously produced to Plaintiff has been filed as an exhibit to the Defendants' motion for summary judgment.

Plaintiff's motion to amend his complaint seeks "to submit additional documents in support of this Complaint if this Court gives me leave to do so." (*Id.*)  This Court has previously attempted to explain to Plaintiff that the Court will not review "evidence" that Plaintiff (or any party) attempts to file in the record in an *ad hoc* fashion.

> This Court relies upon the parties to file evidence of record and does not review evidence unless it is properly filed as an exhibit to a motion or admitted into evidence at trial.  Prior to trial, evidence may be reviewed by the Court if it is attached as a properly authenticated exhibit to a motion, including but not limited to a motion for summary judgment filed under Rule 56.

(Doc. 37 at 6).

6

The Defendant's motion for summary judgment, filed under Rule 56, properly attaches numerous evidentiary exhibits that will be considered in support of that motion. Plaintiff has filed no timely response, and his deadline for doing so has expired. Under Rule 56, judgment will be granted in favor of the Defendants if they show "that there is no genuine dispute as to any material fact and [Defendants are] entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P.,

If the Defendants' motion carries their initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party (Plaintiff here) to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S .Ct. 2505 (1986). In other words, the appropriate procedure for directing this Court's attention to any "evidence" in support of Plaintiff's claims is to reference (or attach) that evidence in a response in opposition to Defendants' Rule 56 motion.

Though Plaintiff initially filed no timely response to the Defendants' motion for summary judgment in this case, the Court will *sua sponte* grant Plaintiff an additional 30 days in which to do so, in the interests of justice, and in recognition of the fact that this Order directs Defendants to clarify whether additional video footage may exist.

### III.     Conclusion and Order

1. Plaintiff's motion to appoint counsel and Defendants' motion to strike (Docs. 38, 41) are both **DENIED**;

2. Defendants' motion to rescind or set aside the Court's March 10, 2017 Order (Doc. 39) is **DENIED**, but the Court accepts and recognizes Defendants' full compliance with that Order;

3. Plaintiff's motion to amend/correct his complaint (Doc. 50) is **DENIED** for the procedural reasons stated, including the lack of timeliness and clear prejudice to the Defendants;

4. Plaintiff's motion to compel Defendants to allow him his own copy of a disc containing DVR footage previously submitted to this Court (Doc. 51) is **DENIED**;

5. Plaintiff's motion for an extension of time to complete discovery, as construed as a motion to reopen discovery (Doc. 52) is **DENIED**;

6. Notwithstanding the denial of Plaintiff's motions to compel or to reopen discovery, on or before **July 31, 2017**, Defendants shall file a status report with this Court that states:

    a. Whether all DVR footage from the incident was preserved;

    b. If any portion of the relevant DVR footage was not preserved, the basis for that failure of preservation;

    c. Whether any additional video, or improved quality of video, exists other than that previously submitted to this Court as an exhibit to Defendants' motion for summary judgment. In the event that such

     additional video does exist, Defendants also shall file a copy with the Court and provide access to the Plaintiff;

7. In light of paragraph 6 of this Order and in the interests of justice, Plaintiff is provided an extension up to and including **August 15, 2017** in which to file his response to Defendants' pending motion for summary judgment. If Plaintiff fails to file any timely response, this Court will consider Defendants' motion unopposed and may grant said motion to the extent it is factually and legally supported.

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge